# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5327 | DATE | 3/5/2002 |
| CASE TITLE | Truck Drivers, Oil Drivers Filing Station and Platform Workers Union, Local 705, vs. A.D. Connor, Inc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [14-1] is denied. Plaintiffs' motion for summary judgment [18-1] is granted. Judgment is hereby entered in favor of the plaintiffs and against the defendant. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 06 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 42 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | 02 MAR -5 PM 4:53 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| TRUCK DRIVERS, OIL DRIVERS FILLING STATION AND PLATFORM WORKERS UNION, LOCAL 705, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO<br><br>Plaintiff,<br><br>v.<br><br>A.D. CONNOR, INC.<br><br>Defendant. | DOCKETED<br>MAR 0 6 2002<br><br>No. 01 C 5327<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Truck Drivers, Oil Drivers Filling Station and Platform Workers Union, Local 705, International Brotherhood of Teamsters, AFL-CIO ("Local 705") brought this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 *et. seq.*, against Defendant A.D. Connor, Inc. ("Connor"), seeking to enforce a decision of a Joint Area Grievance Committee ("the JAGC") compelling Connor to reinstate two employees represented by Local 705. Currently before this Court are Local 705 and Connor's motions for summary judgment. For the reasons stated herein, we grant Local 705's motion, (R. 18-1), and deny Connor's motion, (R. 14-1).

### RELEVANT FACTS

Connor is engaged in the fuel hauling business. (R. 16-1, Def.'s Statement of Facts ¶ 12-13.) Local 705 is a union representing some of Connor's drivers. (*Id.*, Ex. G.) Grievant Cedric A. Logwood was hired by Connor on December 29, 1999. (*Id.* ¶ 14.) Grievant Brian R. Stroube was hired by Connor on October 17, 2000. (*Id.* ¶ 15.) Both Logwood and Stroube were

discharged – Logwood on April 28, 2000 and Stroube on February 5, 2001. (R. 20-1, Pl.'s Statement of Facts ¶ 8.) Pursuant to a collective bargaining agreement between Connor and Local 705, both Logwood and Stroube grieved their terminations, alleging that they were fired without cause. (*Id.* ¶ 8.) Under this agreement, unresolved grievances are to be heard by the JAGC. (*Id.* ¶ 6.) Decisions of the JAGC are final and binding. (*Id.* ¶ 7.) A JAGC hearing took place on March 13, 2001, at which Logwood and Stroube presented their grievances. (*Id.* ¶ 9.) Joe Malone, Connor's advocate, was present at the hearing. (R 33-1, Def.'s Statement of Facts ¶ 27.) Mike Bovenizer, a Local 705 representative, was present on behalf of the union and the grievants. (R. 20-1, Pl.'s Statement of Facts ¶ 10.) Each party's advocate had an opportunity to present their arguments to the JAGC. (*Id.* ¶ 11.) The JAGC sustained Logwood and Stroube's grievances and ordered Connor to reinstate both employees with backpay. (*Id.*) Since then, Connor has refused to comply with the JAGC decision. (*Id.* ¶ 12). As a result, Local 705 filed a complaint in federal court seeking enforcement of the JAGC decisions. (R-1.) Currently before this Court are Local 705 and Connor's motions for summary judgment.

## LEGAL STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue for trial exists only when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in the non-movant's favor. *Crim. v. Bd. of Educ. of Cairo Sch. Dist. No. 1*, 147 F.3d 535, 540 (7th Cir. 1998). If, however,

2

the evidence is merely colorable, is not significantly probative or merely raises "some metaphysical doubt as to the material facts," summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 261. When both parties seek summary judgment, the Court will "look to the burden of proof that each party would bear on an issue at trial; [the Court] then require[s] that party to go beyond the pleadings and affirmatively establish a genuine issue of material fact." *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

## ANALYSIS

In its motion for summary judgment, Local 705 contends that Connor should be estopped from attacking the JAGC decision sustaining Logwood and Stroube's grievances, as Connor failed to file a timely motion to vacate the JAGC decision.[1] According to Local 705, the relevant statutory period for filing a motion to vacate is ninety days, pursuant to the Illinois Arbitration Act, 710 ILCS 5/12(b). Connor concedes that it failed to move to vacate within ninety days, but Connor argues that the relevant statute of limitations should be six months.[2] Alternatively, Connor maintains that even if it is estopped from attacking the JAGC decision, this Court must still determine whether the decision of the JAGC "draws its essence" from the collective bargaining agreement.

---

[1] Because we hold that Connor's failure to challenge the JAGC decision within ninety days renders its award final, we need not reach Local 705's arguments addressing the merits of the JAGC decision.

[2] Connor misreads *Plumbers' Pension Fund, Local 130, U.A. v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1268 (7th Cir. 1985) as holding that where, as here, an individual employee files a grievance, the statute of limitations should be six months. The *Domas* Court was merely distinguishing its case from *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), where the Supreme Court held that the six month limitations period embodied in 10(b) of the National Labor Relations Act applied where individual employees challenged awards in a § 301 duty of fair representation claim. *Domas*, 778 F.2d at 1268. The only significance to the fact that an individual employee was filing suit was that the employee was seeking relief from actions of its union and employer during arbitration. *Id.* at 1270. According to *Domas*, the practicalities of that kind of suit required a longer statute of limitations. *Id.* In the instant case, however, the practicalities do not require a longer

Where the relief sought in an action to enforce an arbitration decision is nullification of the award, the only appropriate avenue for such relief is a timely motion to vacate. *Sullivan v. Gilchrist*, 87 F.3d 867, 871 (7th Cir. 1996). The Seventh Circuit has repeatedly held that failing to challenge an arbitration decision within the applicable statute of limitations renders the award final. *Id. See also Sullivan v. Lemoncello*, 36 F.3d 676, 681 (7th Cir. 1994) (citations omitted). Thus, an unsuccessful party at arbitration may not, after failing to move to vacate the unfavorable award, subsequently raise arguments as affirmative defenses that could have been raised on a motion to vacate. *See Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.*, 628 F.2d 1023, 1025-27 (7th Cir. 1980) (stating that to hold otherwise would frustrate the purpose of according arbitration awards "finality in a timely fashion").

Section 301 of the Labor Management Relations Act, however, does not provide a statute of limitations. *See* 29 U.SC. § 185, *et. seq.* Accordingly, courts have long turned to the statute of limitations for a comparable action in the forum state. *Gilchrist,* 87 F.3d at 870. In Illinois, the appropriate statute of limitations for challenging an arbitration award is the ninety-day limit afforded by the Illinois Arbitration Act, 710 ILCS 5/12(b). *Id.*

Two recent Seventh Circuit cases are directly on point in rejecting the defendants' challenges to an arbitration award where they failed to timely file a motion to vacate. In *Lemoncello*, the defendant received notice of two adverse arbitration board decisions yet refused to comply with them. *Lemoncello,* 36 F.3d at 681-82. At no time, however, did the defendant file any motions to vacate or modify the awards. *Id.* Indeed, the defendant conceded that he failed to challenge the award or the board's authority to assess certain fines and penalties within

---

statute of limitations and the fact that Logwood and Stroube – as individual employees – filed the grievance, therefore, has no impact on this Court's determination of the relevant statute of limitations.

4

ninety days of receiving notice, but only contested the award after the plaintiff brought suit to enforce the decisions. *Id.* Accordingly, the Seventh Circuit held that the defendant was barred from challenging the plaintiff's action to enforce the board's decisions. *Id.* Similarly, in *Gilchrist*, the defendants (two plumbing contractors) refused to comply with an award ordering them to pay delinquent employee contributions. *Gilchrist*, 87 F.3d at 870-71. All of the parties attended the arbitration hearing and multiple copies of the board's decisions were sent to the defendants. *Id.* When the plaintiff brought suit to enforce the award, the defendants contested the arbitration board's jurisdiction, the notice they received and the applicability of the collective bargaining agreement following the purported retirement of one of the contractors. *Id.* Finding that adequate notice had been given and that the defendants' challenges to jurisdiction and applicability of the agreement amounted to nothing more than challenges to the arbitration board's authority, the Seventh Circuit held that the defendants were bound by the ninety-day statute of limitations and that they were barred from seeking relief in the plaintiff's action to enforce the award. *Id.*

The instant case is similar to both *Lemoncello* and *Gilchrist*. As in *Gilchrist*, where all of the parties were present at the arbitration proceeding, Connor and Local 705 were in attendance and given ample opportunity to present their arguments. All of the parties, moreover, were undeniably aware of the final JAGC decision ordering Connor to reinstate Logwood and Stroube. Only now, after Local 705 has filed a complaint seeking enforcement of the JAGC decision, does Connor contest the awards and ask this Court to deny relief. Specifically, Connor argues that there was no collective bargaining agreement in effect and, alternatively, that both Logwood and Stroube were on probation, not covered by the contract's grievance procedures and dischargeable without cause. Such arguments are nothing more than challenges to the JAGC's authority under

the collective bargaining agreement to reinstate Logwood and Stroube. *See Gilchrist*, 87 F.3d at 870-71. Even more importantly, at no time did Connor challenge the award through an action to vacate. Indeed, just like the defendant in *Lemoncello*, Connor admits to having not filed a motion to vacate within ninety days. *See Lemoncello*, 36 F.3d at 681-82. Only now, in a subsequent action to enforce the JAGC decision, does Connor seek affirmative relief. Accordingly, Connor is barred from contesting the authority of the JAGC to issue an award reinstating Stroube and Logwood, and Connor's failure to challenge the JAGC decision within ninety days renders it final.

## CONCLUSION

For the foregoing reasons, Connor's motion for summary judgment is denied, (R. 14-1), and Local 705's motion for summary judgment is granted, (R 18-1). The Clerk of the Court is instructed, pursuant to Federal Rule of Civil Procedure 58, to enter judgment in favor of Plaintiff.

ENTERED:

Judge Ruben Castillo
United States District Court

**Dated: March 5, 2002**

6